**UNITED STATES of America**

**v.**

**Linda Sue EVANS, Defendant.**

**No. 85 MAG. 922.**

United States District Court,
S.D. New York.

May 15, 1985.

Rudolph W. Giuliani, U.S. Atty., for the S.D. of New York, New York City, for plaintiff; Patricia A. Williams, Asst. U.S. Atty., New York City, of counsel.

Flood, Holmes & Tipograph, New York City, for defendant; Susan V. Tipograph, New York City, of counsel.

## ORDER

KEVIN THOMAS DUFFY, District Judge:

The defendant, Linda Sue Evans, is presently detained on a warrant issued in this District charging violation of 18 U.S.C. § 1071; harboring or concealing a person from arrest. It is alleged that during the period immediately preceding May 10, 1985 the defendant, Linda Sue Evans, harbored and concealed a fugitive, Marilyn Jean Buck. Apparently, on or about March 27, 1985 a warrant for a similar offense was issued by the District of Connecticut naming the same defendant and charging her with harboring the same fugitive.

It is alleged by the government that the defendant Evans and the fugitive Buck were living, immediately prior to their ar-

rest, in Baltimore, Maryland, and a search warrant for the house in Maryland disclosed a quantity of weapons and bomb components, false identifications, and among other things a WANTED flier for Marilyn Jean Buck.

The government has moved to have the defendant detained without bail pursuant to section 3142(f)(2)(A). The government alleges that there is a serious risk that that defendant will flee as shown by the evidence that over the past few years she successfully assisted the concealment of the fugitive. The government's proffer also shows that the defendant was in possession of a 9mm handgun at the time of her arrest and after the arrest a quantity of weapons and bomb components was found in the house where the defendant and the fugitive were assertedly staying in Baltimore, Maryland. The government also asserts that the defendant, Linda Sue Evans, was convicted in 1971 of Aggravated Battery and was discharged from probation by means of a Death Certificate which obviously does not pertain to this very live defendant. The probation discharge document, however, recites that all conditions of probation had been met by defendant from January 28, 1971 until the December 3, 1973.

The defense has stated that Linda Sue Evans has been indicted on two other occasions, each of those indictments having been dismissed. It was the defense's position, unrebutted by the government, that Linda Sue Evans faithfully appeared as required under bond on each of those occasions. Indeed, it would appear in the documentation of the Battery conviction she had been released on bail after her arrest on those charges pending her plea of guilty. It would appear also that she was permitted a delayed surrender after her plea of guilty was accepted and her sentence imposed.

Counsel has further advised me of the following concerning the defendant's family ties. Apparently, Linda Sue Evans was born May 11, 1947 to John and Rachel Evans, in Ft. Dodge, Iowa, where her parents still reside. Her brother is presently a contractor in California. She assertedly is a trained printer and graphic artist who was regularly employed both in Connecticut and in Maryland. Counsel for the defense has indicated that the defendant's parents are willing to give her custody and co-sign any bond. The defense has suggested that a Personal Recognizance Bond would be appropriate. I do not agree.

It is the opinion of this judge, sitting as a "Committing Magistrate," that there is a substantial risk of flight which would be caused by the release of Linda Sue Evans without substantial bail. She has assisted in the concealment of a fugitive apparently for many years. She appears to be knowledgeable in the manner and means used by such fugitive to elude capture. She would have access to those resources which might have been used by the fugitive to make good her escape. Thus, I believe it appropriate that a substantial amount of bail be posted so as to ensure that the defendant will return to face the harboring charges in this district or the harboring charges in Connecticut. I believe the appropriate amount is $500,000 Cash or Surety. I am setting this amount not to deny the defendant bail, but because I believe that amount, if posted by her family, would clearly impel her to return. Without further information concerning her family background, I am unable to say whether they will be able to post such amount, but that determination must await their arrival here.

The following specific conditions of release on bail are to be imposed on the defendant as required by section 3142(h):

(1) The defendant shall not commit any offense in violation of federal, state, or local law while on release in this case.

(2) The defendant shall advise the court prior to any change in address.

(3) The defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed as directed. The defendant shall next appear on May 22, 1985 before a Magistrate of this Court.

(4) The defendant shall agree to appear at all proceedings as required and to surrender for service of any sentence imposed.

(5) The defendant is placed in the custody of her parents who shall agree (a) to supervise the defendant in accordance with all conditions of release, (b) to use every effort to assure the appearance of the defendant at all scheduled court proceedings, and (c) to notify the court immediately in the event the defendant violates any conditions of release or disappears.

(6) The defendant shall maintain or actively seek employment.

(7) The defendant shall refrain from possessing a firearm, destructive device, or other dangerous weapon.

(8) The defendant shall report on a daily basis to the Pretrial Services Agency, 2 Lafayette Street, New York, New York.

Violation of any of the foregoing conditions of release may result in a revocation of release, an order of detention, as provided in 18 U.S.C. § 3148, and a prosecution for contempt as provided in 18 U.S.C. § 401 which could result in a possible term of imprisonment and/or a fine.

The commission of any offense while on pretrial release may result in an additional sentence upon conviction for such offense to a term of imprisonment of not less than two years nor more than ten years, if the offense is a felony or a term of imprisonment of not less than ninety days nor more than one year, if the offense is a misdemeanor. This sentence shall be consecutive to any other sentence and must be imposed in addition to the sentence received for the offense itself.

A violation of any of the foregoing conditions may result in the forfeiture of any bail posted, the revocation of any release order, and the immediate issuance of a warrant for the arrest of the defendant.

The defendant shall acknowledge that she understands that 18 U.S.C. § 1503 makes it a criminal offense punishable by up to five years in jail and a $5,000 fine to intimidate or attempt to intimidate a witness, juror, or officer of the court; 18 U.S.C. § 1510 makes it a criminal offense punishable by up to five years in jail and a $5,000 fine to obstruct a criminal investigation; 18 U.S.C. § 1512 makes it a criminal offense punishable by up to ten years in prison and a $250,00 fine to tamper with a witness, victim or informant; and 18 U.S.C. § 1513 makes it a criminal offense punishable by up to ten years in jail and a $250,000 fine to retaliate against a witness, victim or informant.

The defendant shall further acknowledge that it is a criminal offense under 18 U.S.C. § 3146, if, after having been released, the defendant knowingly fails to appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court order. If the defendant was released in connection with a charge of, or while awaiting sentence, surrender for the service of a sentence, or appeal or certiorari after conviction, for—

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, the defendant shall be fined not more than $25,000 or imprisoned for not more than ten years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, the defendant shall be fined not more than $10,000 or imprisoned for not more than five years, or both;

(3) any other felony, the defendant shall be fined not more than $5,000 or imprisoned not more than two years, or both; or

(4) a misdemeanor, the defendant shall be fined not more than $2,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the sentence of imprisonment for any other offense.

It is the intention of this "Committing Magistrate" that this bail and these bail conditions are to cover both the harboring

complaint in this district and the Rule 40 proceeding to remove the defendant to the District of Connecticut on the other harboring charge. No other charges are presently outstanding against this defendant.

SO ORDERED.